Vonny CICILIA; Eddy Andoko, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73866.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 21, 2009.

Gihan Thomas, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mona Maria Yousif, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Vonny Cicilia and her husband, Eddy Andoko, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The BIA denied Cicilia's asylum application as time-barred. Cicilia does not challenge this finding in her opening brief.

■ Substantial evidence supports the BIA's conclusion that Cicilia failed to establish withholding of removal, because the incidents that occurred to her and her family members do not amount to past persecution, and even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, Cicilia has not demonstrated a clear probability of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir.2003).

■ Substantial evidence also supports the BIA's denial of CAT relief because Cicilia failed to establish that it is more likely than not that she would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, we deny Cicilia's due process claim because the record shows that the IJ conducted a full and fair review of her request for CAT relief, and she has not demonstrated prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

